UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GAYL THERESE PAYTON                                    CIVIL ACTION

VERSUS                                                 NO. 20-1780

GARY W. BIZAL                                          SECTION "R" (4)


## ORDER AND REASONS

Before the Court is defendant Gary W. Bizal's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[1] Plaintiff Gayl Therese Payton, proceeding *pro se*, opposes the motion,[2] and moves for leave to amend her complaint.[3] Because the Court lacks jurisdiction over plaintiff's claims, and because the Court finds that amendment would be futile, the Court dismisses plaintiff's complaint.

## I.   BACKGROUND

This case arises from defendant's allegedly deficient representation of plaintiff in a civil rights lawsuit. Payton alleges that she hired Bizal, an attorney, to represent her in a civil suit against two Jefferson Parish

---

[1]   R. Doc. 12.
[2]   R. Doc. 22.
[3]   R. Doc. 21.

deputies.[4] Plaintiff states that Bizal never let her review the complaint, and the court dismissed it.[5] According to plaintiff, after her complaint was dismissed, she discovered that Bizal left out key facts which, in her view, was the reason for its dismissal.[6]

Plaintiff filed this action on June 22, 2020, alleging a claim against her former attorney under 42 U.S.C. § 1983.[7] In her original complaint, plaintiff asserts that Bizal violated her Sixth Amendment right to effective assistance of counsel; a provision of the Employee Retirement Income Security Program ("ERISA"), 29 U.S.C. § 1109, that imposes liability for breach of a fiduciary duty; and the Louisiana legal malpractice statute, La. Rev. Stat. § 9:5605.[8] In the amended complaint, plaintiff also asserts that defendant violated 18 U.S.C. § 1512,[9] which imposes criminal liability on a person who tampers with a witness, victim, or informant.

---

[4]     R. Doc. 1 at 4.
[5]     *Id.*
[6]     *Id.*
[7]     *Id.* at 3-4.
[8]     *Id.* at 3.
[9]     R. Doc. 8 at 3.

2

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs challenges to the Court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Because a 12(b)(1) motion is jurisdictional, the Court considers such a motion "before addressing any attack on the merits," *see In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012), in order to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 286-87 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

In assessing a challenge to its subject matter jurisdiction, the Court "may dismiss . . . on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

3

Furthermore, plaintiff has the burden of demonstrating that subject matter jurisdiction exists. *See Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (per curiam) (citing *Ramming*, 281 F.3d at 161).

Under "firmly established" U.S. Supreme Court precedent, "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). A federal court lacks jurisdiction over a claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* A court may dismiss a claim for lack of subject matter jurisdiction based on the inadequacy of the alleged federal claim "only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the U.S. Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

### III. DISCUSSION

#### A. Jurisdiction

Plaintiff contends that the Court has jurisdiction under 42 U.S.C. § 1983, ERISA, and 1512. In addition, she purports to bring a state law claim

4

for legal malpractice under 9:5605. As explained below, the Court finds that plaintiff has no federal claims that would support federal question jurisdiction. *See* 28 U.S.C. § 1331. And the Court does not have diversity jurisdiction of plaintiff's state law malpractice claim. *See* 28 U.S.C. § 1332.

    1.    *Section 1983 Claim*

Section 1983 allows a plaintiff to sue a person acting under color of state law for the deprivation of federal constitutional or statutory rights. 42 U.S.C. § 1983. Plaintiff's complaint[10] and amended complaint[11] assert that defendant was acting under color of state law, and deprived her of three such federal rights: (1) her right to effective assistance of counsel under the Sixth Amendment to the U.S. Constitution and *Strickland v. Washington*, 466 U.S. 668 (1984),[12] (2) a fiduciary liability provision of ERISA, 29 U.S.C. § 1109,[13] and (3) a criminal statute, 18 U.S.C. § 1512(3).[14]

Regarding § 1983 claims, the Fifth Circuit has held that a plaintiff fails to plead and establish federal question jurisdiction when he or she fails to "plead any facts demonstrating that the defendant[] acted under color of state law." *Tiner v. Cockrell*, 756 F. App'x 482, 482-83 (5th Cir. 2019), *cert.*

---

10    R. Doc. 1 at 3.
11    R. Doc. 8 at 3.
12    R. Doc. 1 at 3.
13    *Id.*
14    R. Doc. 8 at 3.

*denied*, 140 S. Ct. 90 (2019); *see also Alfonso Padron v. Cogdell*, No. 19-609, 2019 WL 1795597, at *2 (N.D. Tex. Apr. 5, 2019), *report and recommendation adopted*, No. 19-609, 2019 WL 1790223 (N.D. Tex. Apr. 24, 2019) (holding that the court lacked jurisdiction over a § 1983 claim by a plaintiff against his former criminal defense attorney). "[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).

Here, plaintiff alleges that defendant is a private attorney,[15] not a state actor. *See id*. Therefore, the Court finds that plaintiff has failed to plead any facts showing that defendant was acting under the color of state law. *Tiner*, 756 F. App'x at 482-83. The Court lacks jurisdiction over plaintiff's § 1983 claim, and must grant defendant's motion to dismiss this claim.

    2.    *Other Federal Statutory Claims*

To the extent plaintiff seeks to assert a claim under ERISA or 18 U.S.C. § 1512, the Court lacks jurisdiction over the purported claims. *See Jones v. Alfred*, 353 F. App'x 949, 952 (5th Cir. 2009) (stating that courts are to construe *pro se* filings liberally, but may not "invent, out of whole cloth, novel arguments on behalf of a pro se plaintiff in the absence of meaningful, albeit

---

15    R. Doc. 1 at 4; R. Doc. 8 at 4.

imperfect, briefing"). Numerous courts in the Fifth Circuit and have found that "bare reference to federal law, without more, is insufficient to create federal question jurisdiction." *Maguire v. Telcom Glob. Sols., Inc.*, No. 02-1728, 2003 WL 124475, at *2 (N.D. Tex. Jan. 10, 2003); *see Olmstead v. Wright*, No. 20-047, 2020 WL 4615174, at *5 (N.D. Tex. May 15, 2020), *report and recommendation adopted*, No. 20-047, 2020 WL 4596771 (N.D. Tex. Aug. 11, 2020); *Pacatlantic Enterprises LLC v. Total Terry LLC*, No. 05-2401, 2006 WL 8437654, at *2 (N.D. Tex. Apr. 10, 2006); *accord*, *Enriquez v. Aurora Loan Servs., LLC*, 509 F. App'x 607, 608 (9th Cir. 2013) (finding that "bare references to three federal statutes were conclusory and insufficient to raise a federal question").

Any claim under these provisions would be frivolous. The ERISA provision that plaintiff cited, 29 U.S.C. § 1109, creates liability for "any person who is a fiduciary with *respect to a plan*" who breaches his or her fiduciary duties. 29 U.S.C. § 1109(a). A "plan" is statutorily defined as "an employee welfare benefit plan or an employee pension benefit plan." 29 U.S.C. § 1002(3). Plaintiff has not alleged that any such plan was involved in this case. The criminal provision cited, 18 U.S.C. § 1512, makes it unlawful to tamper with a witness, victim, or informant in an "official proceeding." A private citizen lacks standing to enforce a criminal statute in a civil action.

7

*See Bertling v. Westrup*, No. 18-563, 2018 WL 6381001, at *2 (W.D. Tex. Aug. 13, 2018), *report and recommendation adopted*, No. 18-563, 2018 WL 5016127 (W.D. Tex. Oct. 16, 2018); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007). To the extent plaintiff invokes these provisions of federal law, the Court finds that the purported claims are frivolous, *i.e.* lacking an "arguable basis in law or in fact." *See United States v. Dunham*, 995 F.2d 45, 46 (5th Cir. 1993). Thus, they do not support the Court's exercise of federal question jurisdiction. *See Steel Co.*, 523 U.S. at 89.

  3. *Malpractice Claim Under State Law*

  Plaintiff has not shown that the Court has diversity jurisdiction over her state law claim for legal malpractice. Under 28 U.S.C. § 1332, the Court has original jurisdiction over actions in which there is (1) complete diversity of citizenship between the parties, and (2) an amount-in-controversy exceeding $75,000. Plaintiff must "*distinctly* and *affirmatively*" allege the basis for diversity jurisdiction. *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 65 (5th Cir. 2010). The Fifth Circuit holds that "a failure to adequately allege the basis for diversity jurisdiction 'mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

In the original complaint,[16] amended complaint,[17] and proposed second amended complaint,[18] plaintiff does not state facts that would satisfy the requirements of diversity jurisdiction.  Plaintiff does not allege that defendant is a citizen of another state.  Indeed, plaintiff lists a Louisiana address for both herself and defendant.[19]  Additionally, plaintiff has not stated that the amount-in-controversy exceeds $75,000, or otherwise provided any basis for the Court to conclude that her claim meets the jurisdictional requirement.  The Court finds that plaintiff has failed to carry her burden of proving that the Court has diversity jurisdiction, and must dismiss plaintiff's state law malpractice claim.

The Court must grant defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  When a district court dismisses a claim for lack of subject-matter jurisdiction under Rule 12(b)(1), it must do so without prejudice.  *See Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol North America, Inc.*, 544 F. App'x 455, 456-57 (5th Cir. 2013) (finding dismissal with prejudice under Rule 12(b)(1) improper because this is "to disclaim

---

16   R. Doc. 1.
17   R. Doc. 8.
18   R. Doc. 21-4.
19   R. Doc 1 at 2; R. Doc. 8 at 2; R. Doc. 21-4 at 1, 5.

9

jurisdiction and then exercise it"). Consequently, the Court dismisses plaintiff's claims without prejudice for lack of subject matter jurisdiction.[20]

## B. Futility of Amendment

After defendant moved to dismiss, plaintiff filed a motion for leave to amend her complaint.[21] Under Federal Rule of Civil Procedure 15(a)(2), "[t]he Court should freely give leave [to amend a complaint] when justice so requires." Nevertheless, a district court may deny leave to amend when amendment would be futile. *See Bustos v. Lennon*, 538 F. App'x 565, 569 (5th Cir. 2013). In the memorandum in support of her motion for leave to amend,[22] and in the proposed amended complaint,[23] plaintiff acknowledges that defendant is a private attorney, and that she incorrectly identified his "status" in the original complaint. Plaintiff's proposed amendment would not cure the jurisdictional defects outline above. Plaintiff has already amended her complaint once. The Court finds that amendment would be futile, and accordingly denies plaintiff's motion for leave to amend her complaint.

---

[20] Having found that plaintiff has failed to assert a claim over which this Court has original jurisdiction, the Court may not exercise supplemental jurisdiction over plaintiff's state law claim. *See* 28 U.S.C. § 1367.
[21] R. Doc. 21.
[22] R. Doc. 21-3 at 1.
[23] R. Doc. 21-4 at 1.

## IV. CONCLUSION

Because plaintiff has failed to show that the Court has jurisdiction over her claims, the Court GRANTS defendant's motion to dismiss under Rule 12(b)(1). Additionally, the Court finds that amendment would be futile and therefore DENIES plaintiff's motion for leave to amend her complaint. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __8th__ day of February, 2021.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE